UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
------------------------------------------------------------------------ x
DANIEL LEDBETTER, JAMESETTA WOODS, : 
KARL WOODS, AND SONDRA YOUNG, : Civ. Action No. 12-CV-00278
 : (GAF)
         Plaintiffs, :
 :
      v. :
 :
JRK RESIDENTIAL AMERICA, LLC :
 :
         Defendant. :
------------------------------------------------------------------------ x

# DEFENDANT'S SUGGESTIONS IN SUPPORT OF ITS
# MOTION FOR JUDGMENT ON THE PLEADINGS

Rodney A. Harrison, MO #44566
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
7700 Bonhomme Avenue, Suite 650
St. Louis, Missouri 63105
Telephone: (314) 802-3935
Facsimile: (314) 802-3936
Rodney.Harrison@ogletreedeakins.com

Jonathan L. Sulds (*admitted pro hac vice*)
GREENBERG TRAURIG, LLP
200 Park Avenue
New York, New York 10166
Telephone: (212) 801-9200
Facsimile: (212) 801-6400
suldsj@gtlaw.com

Patrick F. Hulla, MO #41745
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
4717 Grand Avenue, Suite 300
Kansas City, MO 64112
Telephone: (816) 471-1301
Facsimile: (816) 471-1303
patrick.hulla@ogletreedeakins.com

Justin F. Keith (*admitted pro hac vice*)
GREENBERG TRAURIG, LLP
One International Place
Boston, MA 02110
Telephone: (617) 310-6230
Facsimile: (617) 897-0930
keithj@gtlaw.com

Counsel for Defendants

**TABLE OF CONTENTS**

**PAGE**

INTRODUCTION ..................................................................................................................................1

NATURE OF THE CASE....................................................................................................................3

STANDARDS FOR THE MOTION ..................................................................................................5

    I.      As a matter of law, on the indisputable facts, Plaintiff Property Managers were exempt employees under the Fair Labor Standards Act. ................................................................5

    II.     Under the H*ertz* doctrine, the claims of plaintiff Ledbetter and plaintiff Karl Woods are barred.............................................................................................................................8

    III.    Because the interests of Plaintiff Property Managers and plaintiffs Ledbetter and Karl Woods, with respect to overtime claimed by plaintiffs Ledbetter and Karl Woods are in any event irreconcilably in conflict, the Court should grant judgment on the pleadings dismissing any allegations as to collective action. ...........................................14

CONCLUSION....................................................................................................................................15

# TABLE OF AUTHORITIES

**Cases**

*Ackah v. Hershey Foods Corp.*, 236 F. Supp. 2d 440 (M.D. Pa. 2002) ............................................. 5

*Anderson v. Blockbuster, Inc.*, No. 10-158, 2010 WL 1797249 (E.D. Cal., May 4, 2010) ..................... 10

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ............................................................................. 1, 5

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ................................................................. 1, 5

*City of Kansas City Missouri v. Yarco Company*, Case No. 09-0510-cv-w-6AF, 2009 U.S. Dist LEXIS 96719 (W.D. Mo. Oct. 19, 2009) .......................................................................... *passim*

*Davis v. Food Lion*, 792 F.2d 1274 (4th Cir. 1986) ................................................................. 12

*Ellerd v. County of Los Angles*, No. CV 087-4289 CAS (FFMx), 2009 WL 982077, (C.D. Cal. April 9, 2009) .................................................................................................. 14

*Faibisch v. Univ. of Minn.*, 304 F.3d 797 (8th Cir. 2000) ......................................................... 5, 7

*Forrester v. Roth's I.G.A. Foodliner, Inc.*, 646 F.2d 413 (9th Cir. 1981) ........................................ 12

*Gaylord v. Miami-Dade County*, 78 F. Supp. 2d 1320 (S.D. Fla. 1999) ........................................ 13

*Herman v. RSR Sec. Servs.*, 172 F.3d 132 (2d Cir. 1999) ......................................................... 14

*Hertz v. Woodbury County Iowa*, 566 F.3d 775 (8th Cir. 2009) ............................................. *passim*

*Jones v. Casey's Gen. Stores*, 538 F. Supp. 2d 1094 (S.D. Iowa 2008) ........................................... 11

*Kraemer v. Elmira Auto Plant Supplies, Inc.*, 903 F. Supp. 315 (N.D.N.Y. 1995) .............................. 11

*McKee v. CBF Corp.*, 299 Fed. Appx. 426 (5th Cir. 2008) ...................................................... 6, 7

*Mell v. GNC Corp.*, No. 10-945, 2010 WL 4668966 (W.D. Pa., Nov. 9, 2010) ................................ 11

*Menifee v. Rexam, Inc.*, No 3:04cv7522, 2005 U.S. Dist. LEXIS 19912, (N.D.Ohio Sept. 13, 2005) ........................................................................................... 5, 7

*Moncrief v. Daro Realty, Inc.*, 2005 U.S. Dist. LEXIS 9244 (D.D.C. 2005) .................................................. 7

*Moody v. Intown Suites Management, Inc.*, 2006 U.S. Dist. LEXIS 15012 (N.D. Ga. 2006) ..................... 6, 7

*Muller v. Am. Mgmt. Assoc. Int'l*, 315 F. Supp.2d 1136 (D. Kan. 2003) ....................................................... 11

*Nichols v. Mahoney*, 608 F. Supp. 2d 526 (S.D.N.Y. 2009) ........................................................................ 10

*Pfizer v. Dolgencorp.*, Civil Action No. 3; 10 cv 699, 2012 U.S. Dist. LEXIS 24025
  (W.D. La. Jan. 12, 2012). ........................................................................................................................... 8

*Prince v. AMD Hospitality, Inc.*, 2009 WL 2170042 (S.D. Tex. July 20, 2009) ........................................... 13

*Robertson v. Board of County Comm'r*, 78 F. Supp. 2d 1142 (D. Co. 1999) ............................................... 13

*Seever v. Carrols Corp.*, 528 F.Supp.2d 159 (W.D.N.Y. 2007) .................................................................... 12

*Uhler v. Galesi Mgmt. Corp.*, 1999 WL 20949 (N.D. Tex. Jan. 8, 1999) ..................................................... 13

*Villegas v. JP Morgan Chase & Co.*, CA No. 09-261, 2009 WL 605833,
  (N.D. Cal., Mar. 9, 2009) ......................................................................................................................... 10

*White v. Osmose, Inc.*, 204 F. Supp. 2d 1309 (M.D. Ala. 2002) .............................................................. 3, 14

*Wood v. Mid-America Management Corp.*, 192 Fed. Appx. 378 (6th Cir. 2006) ......................................... 12

# INTRODUCTION

Defendant JRK Residential America, LLC ("**JRK**") respectfully submits its Suggestions in further support of its Motion for Judgment on the Pleadings, pursuant to Fed. R. Civ. P. 12(c).

Before this Court, four factors are crystal clear and call for the grant of the Motion.

First, Plaintiff's complaint is utterly devoid of even a single factual allegation purporting to describe what tasks Plaintiffs performed, or when they "worked" overtime, or in what amount. As this Court recognized in *City of Kansas City Missouri v. Yarco Company*, Case No. 09-0510-cv-w-6AF, 2009 U.S. Dist LEXIS 96719 (W.D. Mo. Oct. 19, 2009) (*vacated on other grounds*, 625 F.3d 1038 (8th Cir. 2010), conclusory legal allegations of the sort to which Plaintiffs here solely and repeatedly resort cannot "lift a claim to the realm of plausibility" [citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) and *Ashcroft v. Iqbal* 556 U.S. 662 (2009)]. Because Defendant's Answer contains irrefutable documentary Exhibits showing Defendant is entitled to judgment as a matter of law, and because Plaintiffs' Complaint offers nothing other than conclusory legal assertions, the grant of Defendant's Rule 12(c) motion is proper here.

Second, the incontestable documents which are Exhibits to the Answer establish incontrovertibly that the Plaintiff Property Managers[1] were exempt from the overtime requirements of the Fair Labor Standards Act because they meet the tests for exempt executive and administrative employees. *See* 29 CFR §§ 540.100, 540.200.

Thus: the Plaintiff Property Managers were paid on a salary basis at a rate in excess of $455 per week (Answer, Exhibit 30); at all times they were responsible for on-site management of an

---

[1] Defendant respectfully refers throughout this Memorandum to Plaintiff Jamesetta Woods and Plaintiff Sondra Young, collectively, as "Plaintiff Property Managers."

apartment complex with over 200 rental units and an appraised value over $10 million; (*Id.*, Exhibit 1); at all times Plaintiff Property Managers managed a staff of over two employees. (*Id.*, Exhibit 8); in addition the Plaintiff Property Managers hired and terminated employees whom they supervised (*Id.*, Exhibits 2–5); they approved their employees' time sheets, including for overtime (*Id.*, Exhibits 7, 9); they scheduled employees accordingly to minimize overtime expenditures (*Id.*, Exhibit 8); they approved employee expense reports as well as employee on-call status, authorizing in such instances payments to employees (*Id.*, Exhibits 10, 11); they granted employees time off, and assigned duties. (*Id.*, Exhibit 23).

Beyond this, the Plaintiff Property Managers managed every aspect of their property's interaction with tenants; they marketed for new tenants and approved new tenants for leases. (*Id.*, Exhibits 12–13, 15–17); they entered into leases with tenants and supervised rent collection (*Id.*, Exhibits 13, 17); they decided whether and when to begin eviction proceedings (*Id.*, Exhibit 21); Plaintiff Property Managers decided, upon a tenant leaving an apartment, how much of a security deposit to remit and how much to retain to cover costs of repairs. (*Id.*, Exhibit 22)

Moreover, Plaintiff Property Managers supervised every other aspect of their property's operation, from engaging vendors to service the property (*Id.*, Exhibit 26–29), to approving bills for payment (*Id.* Exhibits 24, 26–29), to ensuring compliance with municipal licensing and other requirements.

Third, Plaintiff Ledbetter and Plaintiff Karl Woods weekly reported time they worked to Defendant, putting in for overtime and getting paid for it (*Id.*, Exhibit 32, 34). They gave Defendant no reason to know, and Defendant had no independent basis to know, that any compensable time was claimed not to have been paid. Therefore, as described more fully below, the doctrine of *Hertz*

*v. Woodbury County*, 566 F.3d 775 (8th Cir. 2009) controls here and bars these Plaintiffs' claims.

Fourth, in any event, and for all the foregoing reasons, any allegation that a collective action could be maintained, grouping Property Managers who approved employee time sheets and were responsible to ensure that Defendant paid every employee for all of her or his compensable time, with those very employees whose time sheets they approved must be struck because of the irreconcilable conflicts of interest between these groups. *White v. Osmose, Inc.*, 204 F. Supp. 2d 1309 (M.D. Ala. 2002).

## NATURE OF THE CASE

JRK is a nationwide property management company headquartered in Los Angeles, California. (Complaint, par. 1). JRK manages large multi-family apartment complexes located in 21 different States. (*Id.* par. 1, 10). The apartment complexes are situated thousands of miles from JRK's corporate headquarters. Each apartment complex is thus essentially a stand-alone facility which is managed and operated by the local, onsite, property manager. Fieldstone Apartments, at which each Plaintiff Property Manager worked, is comprised of over 200 units and has an appraised value rent over $10 million. (Answer, Exhibit 1). As Exhibits 1–30 to the Answer illustrate, Plaintiff Property Managers were responsible for on-site operations of these facilities, including without limitation staff management, resource management and employee time keeping.

The Complaint is brought by four former employees of JRK:

The first two plaintiffs are Jamesetta Woods and Sondra Young. They are former managers of a JRK apartment complex located in Olathe, Kansas ("Fieldstone"). In their Complaint, neither Plaintiff Young nor Plaintiff Jamesetta Woods says a single thing about what their duties were, or what they did all day while employed by Defendant. Rather, they plead only the following

- 3 -

conclusions:

    (a)    For unspecified reasons, their primary duties at JRK were not exempt (Complaint., par. 3);

    (b)    JRK had unnamed "payroll policies practices and/or procedures" that violated the FLSA in unidentified ways (*Id.*, par. 3); and

    (c)    Therefore, Ms. Woods and Ms. Young seek an unspecified amount of unpaid "straight" time and overtime from JRK that was earned on unidentified occasions. (*Id.*, par. 3)

The second two plaintiffs are Karl Woods and Daniel Ledbetter, who are former JRK maintenance technicians.[2] Plaintiff Karl Woods alleges that he worked at an apartment complex in Lee's Summit, Missouri. (*Id.*, par. 8). Plaintiff Ledbetter alleges that he worked at the apartment complexes in Lenexa, Independence, and Springfield. (*Id.*, par. 6). In their Complaint, neither Plaintiff Ledbetter nor Plaintiff Karl Woods makes a single statement about the circumstances under which they allegedly worked either straight time or overtime and were not be paid for it. They make no allegations about when this alleged uncompensated work purportedly was performed, or how much uncompensated time they allegedly logged. They say not one word about how they submitted time punches electronically on a daily basis, including for overtime, nor that they in fact both were paid for overtime. *See*, Answer, Exhibits 31–34. Instead, Mr. Woods and Mr. Ledbetter plead only the following conclusions:

    (a)    For unspecified reasons, they were not paid all straight time and/or overtime that they earned on unidentified occasions; (Complaint., par. 58); and

    (b)    JRK had unnamed "payroll practices and/or procedures" that violated the FLSA in an unidentified manner. (*Id.*, par. 4);

---

[2]   *See*, Answer, par. 14. By their Complaint, Plaintiff Ledbetter and Plaintiff Karl Woods dub themselves hourly laborers. Defendant had no such job.

## STANDARDS FOR THE MOTION

Judgment on the pleadings is appropriate where no material issue of fact remains to be resolved and the movant is entitled to judgment as a matter of law. *Faibisch v. Univ. of Minn.*, 304 F.3d 797, 803 (8th Cir. 2000).

In determining whether a material issue of fact exists, Courts review the Complaint on the basis of *Iqbal* and *Twombly*. *See*, *Yarco Company*, supra. If the Complaint makes no factual allegations, but offers only legal conclusions couched as factual allegations, "the Court is free to disregard facts that represent mere legal conclusions or recitations of the elements of a cause of action" and grant judgment to Defendant on the basis of undisputed facts. *Id.* The exhibits attached to Defendant's Answer are properly part of the pleadings and may be considered by the Court without converting Defendant's motion into a motion for summary judgment. *Menifee v. Rexam, Inc.,* No 3:04cv7522, 2005 U.S. Dist. LEXIS 19912, at *6 (N.D. Ohio Sept. 13, 2005) ("the Court may properly consider the exhibits to the answer without converting the motion into one for summary judgment"); *Ackah v. Hershey Foods Corp.*, 236 F. Supp. 2d 440, 443 (M.D. Pa. 2002) ("Although we shall consider these exhibits in our ruling on this motion, we shall not convert this motion into a motion for summary judgment. In so doing, we note that Federal Rule of Civil Procedure (10)(c) provides that '[a] copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes.' Both complaints and answers are considered to be pleadings under the Federal Rules. *See* Fed.R.Civ.P. (7)(a))").

**I.  As a matter of law, on the indisputable facts, Plaintiff Property Managers were exempt employees under the Fair Labor Standards Act.**

Defendant's Answer, together with the utter lack of factual allegation in Plaintiffs'

- 5 -

Complaint, establishes that there is no disputed issue of fact here—the incontrovertible documents establish that Plaintiff Property Managers were exempt both as administrative and executive employees under the FLSA. *See*, 29 CFR §§ 541.100; 541.200.

First, as to Plaintiff Property Managers' status as exempt administrative employees, three separate Courts have written words directly applicable here, confirming that Plaintiff Property Managers were exempt administrative employees under the Fair Labor Standards Act.

In *McKee v. CBF Corp.,* 299 Fed. Appx. 426 (5th Cir. 2008), a nightclub property manager claimed that she was misclassified as exempt. The Fifth Circuit affirmed a grant of summary judgment finding that the plaintiffs were exempt administrative employees, in words that perfectly reflect what Defendant's Answer's Exhibits irrefutably establish about Plaintiff Property Managers here:

> McKee was charged with ensuring that CBF's venues were properly maintained, an issue of great significance to CBF. She supervised five maintenance employees and was responsible for approving their schedules and vacation time. She screened potential employees and provided recommendations to McKee's supervisors. Individual club managers gave McKee a list of issues to be addressed on a daily basis. McKee was then responsible for deciding which tasks would be handled by outside contractors and tasking her employees to individual assignments. McKee was also responsible for ordering beer and liquor, binding CBF and CBF's clients to more than $ 500,000 in transactions each year.

The Plaintiff Property Managers' duties mirror those described by the Fifth Circuit as exempt. Under *McKee*, therefore, Defendants' motion with respect to them should be granted.

Similarly in *Moody v. Intown Suites Management, Inc.*, 2006 U.S. Dist. LEXIS 15012 (N.D. Ga. 2006) hotel managers claimed they were misclassified as exempt. The Court granted summary judgment to the employer, recognizing that the same duties which Plaintiff Property Managers here

performed, indisputably established by the Exhibits to the Answer, meet the test for the administrative exemption:

> The Plaintiffs directed and oversaw the work of all staff members on the hotel property; trained and managed subordinate hotel staff; scheduled working shifts of hotel staff and security officers; managed overtime hours; hired hotel housekeepers and maintenance employees; disciplined subordinates, including authority to terminate employees; were responsible for the quality of hotel services; handled all cash transactions; were responsible for payroll and budgeting; and managed all guest conflicts and evictions for violations of hotel rules and policies.

Likewise, in *Moncrief v. Daro Realty, Inc.*, 2005 U.S. Dist. LEXIS 9244 (D.D.C. 2005), property managers of apartment buildings claimed they were misclassified as exempt. The court granted summary judgment to the employer, finding that the plaintiffs were exempt administrative employees based on the record evidence that:

> Plaintiffs supervised other employees, assigned and directed the work of other employees and contractors, ordered supplies, handled employee issues, made day-to-day decisions, handled tenant complaints and leased apartments.

Under *McKee*, *Moody*, and *Moncrief*, Defendant is entitled to judgment as a matter of law on the claims of Plaintiff Property Managers. *Yarco*, *Faibisch*, and *Menifee*, *supra*, all show such judgment should be granted on the pleadings. There is no legally cognizable allegation of fact in Plaintiffs' Complaint which places in dispute any one of the Exhibits to the Answer, nor their meaning and impact. Those indisputable Exhibits collectively demonstrate beyond any shadow of a doubt the very reason Plaintiff Property Managers make no effort of any kind to describe their duties. Consistent with Fed. R. Civ. P. 11, and in the face of the overwhelming documentary showing, Plaintiff Property Managers simply could not contest their duties.

While the application of the administrative exemption by reason of *McKee*, *Moody*, and *Moncrief*

- 7 -

above should impel the grant of Defendant's Motion as to Plaintiff Property Managers, it is also plain that Plaintiff Property Managers were also exempt from the Fair Standards Labor Act as executive employees.

An exempt executive employee is one 1) who is compensated on a salary basis at a rate no less than $455 per week, 2) whose primary duty is management of a recognized subdivision of her employer, 3) who customarily and regularly directs the work of two or more other employees, and 4) who has the authority to hire and fire or make effective recommendations as to hire, fire, or other changes in employee status. 29 CFR § 541.100.

Answer Exhibit 30 shows Plaintiff Property Managers meet Test 1. Answer Exhibits 1–29 show Plaintiff Property Managers meet Test 2. Answer Exhibit 8 shows Plaintiff Property Managers meet Test 3. Answer Exhibit 2–5 shows Plaintiff Property Managers meet Test 4. *See*, e.g. *Pfizer v. Dolgencorp.,* Civil Action No. 3; 10 cv 699, 2012 U.S. Dist. LEXIS 24025 (W.D. La. Jan. 12, 2012).

Plaintiffs' Complaint is completely barren of any factual allegations about the duties of Plaintiff Property Managers. Under *Yarco Company,* therefore, there is presently no issue of material fact. Because Plaintiff Property Managers meet all the tests to be exempt executive employees, Defendant is entitled as a matter of law to judgment on the pleadings dismissing their claims, with prejudice.

### II. Under the H*ertz* doctrine, the claims of plaintiff Ledbetter and plaintiff Karl Woods are barred.

The Exhibits to Defendant's Answer irrefutably establish that Defendant maintained a sophisticated time entry system with which Plaintiffs were obliged to comply by entering all time actually worked, into which they weekly submitted time entries, and by which Plaintiffs Ledbetter

- 8 -

Case 4:12-cv-00278-GAF   Document 24   Filed 08/03/12   Page 12 of 20

and Karl Woods actually put in overtime for which they were paid. Thus, in 2009, Plaintiff Ledbetter reported to Defendant, and was paid for, 1.00 hour of overtime by paycheck dated February 20, 2009, 1.00 hour of overtime by paycheck dated May 5, 2009, 5.50 hours of overtime by paycheck dated June 5, 2009, 2.00 hours of overtime by paycheck dated June 19, 2009, 1.00 hour of overtime by paycheck dated July 20, 2009, 12.25 hours of overtime by paycheck dated August 5, 2009, 0.75 hour of overtime by paycheck dated August 20, 2009, 4.50 hours of overtime by paycheck dated October 20, 2009, 4.00 hours of overtime by paycheck dated November 5, 2009, 3.00 hours of overtime by paycheck dated November 20, 2009 and 1.50 hours of overtime by paycheck dated December 4, 2009. In 2010, Plaintiff Ledbetter reported to Defendant and was paid for, 3.00 hours of overtime by paycheck dated March 19, 2010, 6.75 hours of overtime by paycheck dated August 20, 2010, 4.00 hours of overtime by paycheck dated September 3, 2010, 1.25 hours of overtime by paycheck dated October 5, 2010, 6.75 hours of overtime by paycheck dated December 6, 2010 and 0.50 hour of overtime by paycheck dated December 20, 2010. In 2011, prior to the termination of his employment on April 8, 2011, Plaintiff Ledbetter reported to Defendant, and was paid for, 3.75 hours of overtime by paycheck dated January 5, 2011, 5.25 hours of overtime by paycheck dated February 18, 2011 and 0.25 hour of overtime by paycheck dated March 4, 2011. Answer, Exhibit 32.

And, in 2009, Plaintiff Karl Woods (who was hired September 13, 2009) reported to Defendant, and was paid for, 3.00 hours of overtime by paycheck dated November 20, 2009. In 2010, he reported to Defendant, and was paid for, 9.75 hours of overtime by paycheck dated June 4, 2010, 6.25 hours of overtime by paycheck dated June 21, 2010, 6.75 hours of overtime by paycheck dated August 20, 2010, 1.75 hours of overtime by paycheck dated October 5, 2010, 3.25 hours of

overtime by paycheck dated October 20, 2010, 2.25 hours of overtime by paycheck dated November 5, 2010, and 1.50 hours of overtime by paycheck dated December 6, 2010. In 2011, prior to the termination of his employment on May 11, 2011, Plaintiff Karl Woods reported to Defendant, and was paid, for 3.50 hours of overtime by paycheck dated March 4, 2011 and 1.00 hour of overtime by paycheck dated March 21, 2011. Answer, Exhibit 34.

Measured against these documents are Plaintiffs' nonfactual, conclusory allegations.

Plaintiff Karl Woods and Plaintiff Ledbetter plead that they "regularly worked in excess of forty hours in a workweek without receiving overtime compensation." Complaint, ¶2. Never once do they allege: (a) when they allegedly worked overtime for which they were not paid; (b) how much overtime they are allegedly owed; and (c) that JRK knew or how it could have known they worked overtime for which they were not paid. Even were the application now before this Court merely a Motion to Dismiss Plaintiff's Pleading, Plaintiff's Complaint would not suffice. *Cf. Muller v. Am. Mgmt. Assoc. Int'l*, 315 F. Supp.2d 1136, 1141 (D. Kan. 2003) (granting defendant's motion to dismiss because plaintiffs failed to allege "they actually worked any overtime hours or that defendant knew of the overtime hours worked but refused to pay the proper wage").

It is settled that an FLSA claim will not meet minimal pleading standards unless it alleges approximately the number of hours worked for which overtime wages were not received. *Nichols v. Mahoney*, 608 F. Supp. 2d 526, 547-48 (S.D.N.Y. 2009); *Anderson v. Blockbuster, Inc.*, No. 10-158, 2010 WL 1797249, at *2-3 (E.D. Cal., May 4, 2010) (conclusory allegations that plaintiffs consistently worked in excess of forty hours a week insufficient); *Villegas v. JP Morgan Chase & Co.*, CA No. 09-261, 2009 WL 605833, at *4-5 (N.D. Cal., Mar. 9, 2009) (allegation that plaintiff "worked more than 40 hours in a work-week and more than 8 hours in a work day, thus entitling her to overtime pay"

was insufficient); *Jones v. Casey's Gen. Stores*, 538 F.Supp.2d 1094, 1102 (S.D. Iowa 2008) (complaint alleging that assistant managers were not paid overtime, that the defendant "regularly and repeatedly" failed to pay plaintiff for all hours actually worked, and that the defendant failed to keep accurate time records to avoid paying plaintiffs overtime wages was "implausible on its face"); *Mell v. GNC Corp.*, No. 10-945, 2010 WL 4668966, at *8 (W.D. Pa., Nov. 9, 2010) (plaintiffs' claim insufficient where they failed to even "estimate the time period in which they worked without proper overtime compensation"). *Cf. Kraemer v. Elmira Auto Plant Supplies, Inc.*, 903 F. Supp. 315, 317 (N.D. N.Y. 1995) (dismissing plaintiff's FLSA complaint because it "provides no factual details to support the conclusory allegations of his substantive claims").

It is all the more so here on this Motion for Judgment on the Pleadings. In the face of Exhibits 31–34 to the Answer, showing they consistently and daily put in their time without asserting the claims they now espouse, by utterly failing even an attempt to specify what their claim really is or how it actually arose, Plaintiffs cannot escape the application of *Hertz v. Woodbury County Iowa*, 566 F.3d 775, 781 (8th Cir. 2009) which stands for the proposition that plaintiffs must present evidence that "they worked above their scheduled hours without compensation and that the [employer] knew or should have known that they were working overtime."

In *Hertz*, the plaintiff police officers alleged that they worked unpaid overtime that the County should have been aware of because it could have ascertained as much by inspecting the officers' dispatch logs. The court rejected this argument, stating that the County had no obligation to "weed through non-payroll [dispatch] records to determine whether or not its employees were working beyond their scheduled hours." *Id.*

In words directly applicable here, in rejecting Plaintiffs' claim for overtime, the Eighth

- 11 -

Case 4:12-cv-00278-GAF   Document 24   Filed 08/03/12   Page 15 of 20

Circuit stressed that just as in this case, there "the County has an established procedure for overtime claims that Plaintiffs regularly used." *Id.*

Similarly, in *Wood v. Mid-America Management Corp.*, 192 Fed. Appx. 378 (6th Cir. 2006), the Sixth Circuit reached a like result where the employee had reported overtime and been paid for it, but later claimed that the had worked additional unpaid overtime but could not point to any knowledge on his employer's behalf that it had been worked but not paid for. In affirming summary judgment for the employer, the court stated:

> At the end of the day, an employee must show that the employer knew or should have known that he was working overtime or, better yet, he should report the overtime hours himself. Either way, the employee bears some responsibility for the proper implementation of the FLSA's overtime provisions. An employer cannot satisfy an obligation that it has no reason to think exists. And an employee cannot undermine his employer's efforts to comply with the FLSA by consciously omitting overtime hours for which he knew he could be paid.

*Id.* at 381.

Numerous other cases have reached similar results. *See Davis v. Food Lion*, 792 F.2d 1274, 1278 (4th Cir. 1986) (rejecting theory that employer "should have anticipated that employees would routinely falsify their time records in violation of established company policy"); *Forrester v. Roth's I.G.A. Foodliner, Inc.*, 646 F.2d 413, 414-15 (9th Cir. 1981) ("An employer must have an opportunity to comply with the provisions of the FLSA.... [W]here the acts of an employee prevent an employer from acquiring knowledge ... of alleged uncompensated overtime hours, the employer cannot be said to have suffered or permitted the employee to work."); *Seever v. Carrols Corp.*, 528 F. Supp. 2d 159, 170 (W.D.N.Y. 2007) ("[P]laintiffs' time records were maintained and paid exactly as plaintiffs fashioned them, meaning that any inaccuracies in [employer's] records are solely due to the plaintiffs'

deliberate failure to accurately report the time they worked."); *Robertson v. Board of County Comm'r*, 78 F.Supp.2d 1142, 1158 (D. Co. 1999) ("If an employee fails to notify the employer or deliberately prevents the employer from acquiring knowledge of alleged overtime work, the employer's failure to credit that overtime is not a violation of the FLSA."); *Uhler v. Galesi Mgmt. Corp.*, 1999 WL 20949, at *6 (N.D. Tex. Jan. 8, 1999) ("[S]ince [employer] regularly paid [employee] for overtime that he included in [his] time records, [employer] was entitled to rely on the representations [employee] made on his time cards and was permitted to assume that [employee] was working no overtime."); *Gaylord v. Miami-Dade County*, 78 F.Supp.2d 1320, 1326 (S.D. Fla. 1999) ("[Employer] approved some 1,800 hours of overtime work by [employee]. It is again unclear why [employee] would follow appropriate procedures for reimbursement for some overtime assignments, but not others."); *Prince v. AMD Hospitality, Inc.*, 2009 WL 2170042, at *7 (S.D. Tex. July 20, 2009) ("An employee cannot perform overtime work without the employer's knowledge or contrary to its instructions and then assert a right to be paid. If 'the employee fails to notify the employer or deliberately prevents the employer from acquiring knowledge of the overtime work, the employer's failure to pay for the overtime hours is not a violation of § 207.'") (quotations omitted).

The *Hertz* doctrine, therefore, calls for grant of Defendant's Motion for Judgment on the Pleadings as to Plaintiff Ledbetter and Plaintiff Karl Woods. Attached to the Answer are Exhibits incontestably showing that JRK had an established procedure for overtime claims that Plaintiff regularly used. Nowhere in Plaintiffs' Complaint is there a shred of a factual allegation to dispute this.

Under the principles of *Yarco Company*, therefore, and on the authority of *Hertz*, the claims of Plaintiff Ledbetter and Plaintiff Karl Woods should be dismissed, with prejudice, on the pleadings.

- 13 -

### III. Because the interests of Plaintiff Property Managers and plaintiffs Ledbetter and Karl Woods, with respect to overtime claimed by plaintiffs Ledbetter and Karl Woods are in any event irreconcilably in conflict, the Court should grant judgment on the pleadings dismissing any allegations as to collective action.

As Exhibits 7, 9, and 10 to the Answer conclusively establish, it was the job of Plaintiff Property Managers to approve time sheets for their employees, including for overtime, and to insure that these time sheets were complete and accurate. That being so, the interests of Plaintiffs Ledbetter and Karl Woods, here, are directly in conflict with those of Plaintiff Property Managers.

The seminal case *White v. Osmose, Inc.*, 204 F. Supp. 2d. 1309 (M.D. Ala. 2002) stands for the proposition that a class consisting of both supervisors and the employees they managed cannot proceed on a collective action basis.

In *White*, the plaintiffs sought to certify a class that included foreman of a maintenance company and the crewmen who worked under them. Because the foremen allegedly encouraged crewmen to report fewer hours than they actually worked, the court found a conflict of interest between the two groups:

> By encouraging him to report fewer hours for himself and his crew, White contends, the company is responsible for violations of the FLSA with respect to both foremen and crewmen. Osmose counters that since foremen are responsible for reporting the hours worked by their crew, foremen are potentially complicit in the allegedly unlawful practice of failing to report overtime. Furthermore, foremen allegedly have an economic incentive to under-report the hours of their crew if the crew's production falls below "norm," as they receive bonuses for being more efficient. The court is persuaded that since foremen may be held individually responsible for the potential claims of crewmen, there is an inherent conflict of interest between the two groups. *See*, e.g., *Herman v. RSR Sec. Servs.*, 172 F.3d 132 (2d Cir. 1999) (holding that individuals may be liable under the FLSA where, pursuant to the "economic reality" test, they may be deemed "employers" under 29 U.S.C. § 203(d)).

*Id.* at 1314-15. *See, also Ellerd v. County of Los Angles*, No. CV 087-4289 CAS (FFMx), 2009 WL

982077, *5 (C.D. Cal. April 9, 2009) (conditional certification of a collective action was not appropriate due to the conflict between the social workers and their supervisors because in order to prove the social workers' claims they would have to show that their supervisors violated federal law and the company's official policies by telling the social workers to not record their overtime).

Under *White*, any allegation of a collective action here, in this case, by which named Plaintiffs are all joined together should therefore be struck.

## CONCLUSION

For all the foregoing reason, Defendant respectfully requests that the Court dismiss Plaintiffs' Complaint in its entirety with prejudice.

Dated August 3, 2012                                                  Respectfully submitted,

          /s/ Jonathan L. Sulds

| | |
|---|---|
| Rodney A. Harrison, MO #44566 | Jonathan L. Sulds (*admitted pro hac vice*) |
| OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C. | GREENBERG TRAURIG, LLP |
| 7700 Bonhomme Avenue, Suite 650 | 200 Park Avenue |
| St. Louis, Missouri 63105 | New York, New York 10166 |
| Telephone: (314) 802-3935 | Telephone: (212) 801-9200 |
| Facsimile: (314) 802-3936 | Facsimile: (212) 801-6400 |
| Rodney.Harrison@ogletreedeakins.com | suldsj@gtlaw.com |
| | |
| Patrick F. Hulla, MO #41745 | Justin F. Keith (*admitted pro hac vice*) |
| OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C. | GREENBERG TRAURIG, LLP |
| 4717 Grand Avenue, Suite 300 | One International Place |
| Kansas City, MO 64112 | Boston, MA 02110 |
| Telephone: (816) 471-1301 | Telephone: (617) 310-6230 |
| Facsimile: (816) 471-1303 | Facsimile: (617) 897-0930 |
| patrick.hulla@ogletreedeakins.com | keithj@gtlaw.com |

          Counsel for Defendant

## CERTIFICATE OF SERVICE

      The undersigned attorney hereby certifies that on this 3rd day of August, 2012, the foregoing document was filed on the Court's ECF system and will be sent via operation of that system to: Kathryn S. Rickley and Matthew E. Osman, Osman & Smay LLP, 7930 Santa Fe Drive, Suite 100, Overland Park, KS 66204, Attorneys for Plaintiffs.

                              /s/ Jonathan L. Sulds
                              ATTORNEY FOR DEFENDANT